UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sage El-Dba Hall Winston

Write the full name of each plaintiff.

No.____________
(To be filled out by Clerk's Office)

-against-

COMPLAINT
(Prisoner)

CALVIN S. BLACK D/B/A NYPD SGT, Tax ID# 948676, et al. ALL IN THEIR PERSONAL AND OFFICIAL CAPACITY

Do you want a jury trial?
☑ Yes  ☐ No




Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. 5 1983, 18 usc § 241 & 242 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).

☒ Violation of my federal constitutional rights 4 Amendmet, 5th, 6; 18 uscs § 3006A, (59 Stat. 1031), uscs UN. charter, Declaration on Human Right, Rights of Indigenous People, Article 4; section 1. Article III. section 2 cl 2.

☒ Other: Amendmen 9, 10

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

Sage El

First Name Middle Initial Last Name

d/b/a Hall, Winston

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

BC#. 2412302079, NYSID#: 08541004H

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

OBCC, ~~1600 Hazen Street~~,

Current Place of Detention

1600 Hazen Street

Institutional Address

East Elmhurst New York [11370]

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☒ Pretrial detainee

☐ Civilly committed detainee

[2 Immigration detainee

☐ Convicted and sentenced prisoner

Other: ____________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: CALVIN BLACK dba NYPD SGT tax ID# 948676
43 Precinct, Bronx County

Defendant 2:

Current Job Title (or other identifying information) Elijah P. Rodrigo d/b/a NYPD Agent

Current Work Address

43 precinct, | N.Y. |
County, City | State | Zip Code

Elijah | Rodrigo | Tax ID# 972213
First Name | Last Name | ~~Shield #~~

Defendant 3:

Current Job Title (or other identifying information) Felix D. Jimenez

Current Work Address

43 precinct Bronx | N.Y. |
County, City | State | Zip Code

Felix | Jimenez |
First Name | Last Name | Shield #

Defendant 4:

Current Job Title (or other identifying information) 6 - John Doe (see Executive law 234)

Current Work Address

43 precinct, Bronx | N.Y. |
County, City | State | Zip Code

John Doe x 6 | |
First Name | Last Name | Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City | State | Zip Code

V. STATEMENT OF CLAIM

Place(s) of occurrence: North East Corner, Watson Avenue and Morrison Avenue

Date(s) of occurrence: September 12, 2023

FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

I was traveling in my private auto mobile on Watson Avenue. I stoped at a red light, then I saw a NYPD Vehicle stoped behind me, after the light turned green I proceed to travel on my way. There after without any emergency, I saw said NYPD vehicle turned on flashing lights be-hind me, telling me to pull over I pulled over to the right, roll my window half way down. John Doe NYPD agent walked up to my window. I asked him what is the emergency and the reason for the stop? He just said exit the vehicle, I then ask him, "may I talk to your captain?" he refuse, then reached for his loaded fire arm. I was in fear of my life because he is using deadly force. Due to the fact seeing POLICE killing innocent people on the News over traffic stop. I continue to travel on my way to save my life and I am aware that the use of the highways for the purpose of ingress, regress, traveling and/or transportation is not a mere privileg, but a common and fundamental right of which the public and Natural Beings cannot be deprived. I was kidnapped taken into the 43 precinct, held for ransom 3 days without, bath, water to drink, bed to sleep on. I was forced to remain kidnapped without any one of my family and friend knowing where I was. I was beaten up by 4 NYPD agents on the 13th of September, 2023 and

hand cuffed extreamly tight with foot shackles, ~~extreamly~~ intentionaly tightened and dragged to a parked NYPD un marked vehicle, then thrown into the back seat. I was in exctream pain to my hands, no blood circulation in both hands and feet due to use of force used. I was asking the 2 John Doe N.Y.P.D agent to take me to a hospital. They refused, instead I was brought to Bronx Central Bookings, after 5 to 6 hours sitting in the unmarked NYPD vehicle without medical attention. Upon entering Central Booking I request to ~~another~~ a DOC agent that I need medical attention. Thats when I was taken to Jacobi North Central Bronx Hospital for treatment. ~~I had to be~~ was taken into the hospital in a wheel chair because I could not walk. There after I was taken back to the precinct for 2 days without seeing a judge.

INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

The NYPD agents attempted to Kill me, by using their vehicle to aggresively ramed my auto mobile off the roadway twice at the back left side, near the tire of my truck, causing me to swerved in and out of other auto mobile on the roadway. I am traumatized for life of their behaviour, after I came to a complete stop, John Doe NYPD, SGT. CALVIN BLACK and ELIJAH RODRIGO used excessive force break out 3 of my windows, Forcefully, pull me out my truck, face down on the hot tar on the street and hand cuffed me extreamly tight behind ~~my~~ my back. See Attached Papers

VI. RELIEF

State briefly what money damages or other relief you want the court to order.

Please assign meaning access for counsel to assit me pursuant to (28 U.S.C.S. § 1915(d)) And the total money damages, seven million

Attached Paper: Injuries

I am also injured by the false statements made by Elijah Rodrigo On September 13, 2023, averred "deponent further states that he observed defendant's vehicle collide in a school bus and said school bus was loaded with children". His statement was all made up, to falsified the record to get a conviction with me. See complaint Attached P8.

This unlawful arrest cause me to remain incarcerated under a false warrant issued by the New York Department of Parole on September 16, 2023, Without due process, of law, without notice, service or oath or affirmation.

I am deprived of life liberty and pursuit of happyness by remaining incarceration in a maximum classification cell at OBCC, 5 North 16 Hazen Street, East Elmhurst. NY. I have been in jail since Sep. 16, 2023 until todays date Oct 17, 2023, without conviction of a lawful mandate, under a name WINSTON HALL, which is a Legal fiction, estate, trade marked and copyright and DBA filed in Wake County in North Carolina and Certificate of Desianation Filed with Secretary of New York State and AJO News Paper Legal Notice Pursuant to 12 USC 95 (a)(2), ran for 3-4 weeks on Public Record, since 2014.

I am being forced to be identify by that name, in violation of ~~ERLR~~ NY Civil Rights Law, Article 6 § 64, Effect, an order on Public record Since June of 2015. I have filed multiple grievance at DOC, and they where all ignored and/or denied.

for each defendant(s). There is 9 defendants in total include punitive damages. Total amount is $189,000,000 I am respectfully requesting, mediation and ~~phg~~ psych evaluation for each defendant and/or relieve of their public duties.

VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied informa pauperis status in future cases.

I also understand that prisoners must exhaust administrative procedures before fili_ng an action in federal court about prison conditions, 42 U.S.C. S 1997e(a), and that my case may be dismissed if I have not exhausted admninistrafive remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerks Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

10-17-2023
Dated

By. Sage El, Authorize Representative
Plaintiff's Signature

By. Sage
First Name

Middle Initial

El
Last Name

OBCC 16 Hazen Street
Prison Address

East Elmhurst — County, City
New York — State
[11370] — Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: Oct 17th, 2023

Telephone Number

917-426-2103

E-mail Address (if available),

winstonghallet@gmail.com

Signature

Date

UNITED STATES DISTRICT COURTS
SOUTHERN/EASTERN DISTRICTS OF NEW YORK

Sage El dba Hall, Winston

7Int e space a ove enter t e u name s o t ep azntt s petitioner s .

Civ. ______ ( ) ( )

- against -

PLAINTIFF'S LOCAL CIVIL RULE 33.2 INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

CALVIN S. BLACK, D/B/A NYPD SGT. Tax ID# 948676, et.al

ALL IN THEIR PERSONAL AND OFFICIAL CAPACITY

(In the space above enter thefull name(s) of the defendant(s)/respondent(s).)

Pursuant to Fed. R. Civ. P. 26(e), 33, 34 and 45, and Local Civil Rule 33.2, the defendants shall answer, under oath, the following interrogatories, and produce copies of the following documents, within 120 days of the service of the complaint on any named defendant, at the plaintiffs current address, [1] as indicated below.

These requests apply in Use of Force Cases, Inmate Against Inmate Assault Cases and Disciplinary Due Process Cases, as defined below, in which the events alleged in the complaint occurred while the plaintiff was in the custody of the Department of Correction of the City of New York, the New York State Department of Corrections & Community Supervision, or any other jail, prison or correctional facility operated by or for a city, county, municipal or other local governmental entity (collectively, the "Department").



Rev. 07/2012

## DEFINITIONS

1. "Department" refers to the Department of Correction of the City of New York, New York State Department of Corrections & Community Supervision, and/or any other city, county, municipal or other local governmental entity that operates a jail, prison or correctional facility.

2. "Facility" refers to the correctional facility where the Incident is alleged to have occurred.

3. "Use of Force Case" refers to an action in which the complaint alleges that an employee of the Department, or Facility used physical force against the plaintiff in violation of the plaintiff's rights.

---

Unless otherwise ordered by the Court, if within the 120-day period the defendant(s) moves for dismissal under Fed. R. Civ. P. 12(b) or 12(c), or moves for summary judgment on grounds which would be dispositive of the action in toto, defendants shall respond 30 days from denial of such motion in whole or in part.

4. "Inmate against Inmate Assault Case" refers to an action in which the complaint alleges that an employee of the Department or Facility was responsible for plaintiffs injury resulting from physical contact with another inmate.

5. "Disciplinary Due Process Case" refers to an action in which (i) the complaint alleges that an employee of the Department or Facility violated or permitted the violation of a constitutional right(s) in a disciplinary proceeding against plaintiff, and (ii) the punishment imposed upon plaintiff as a result of that proceeding was placement in a special housing unit for more than 30 days.

6. "Incident" refers to the event or events described in the complaint. If the complaint alleges a due process violation in the course of prison disciplinary proceedings, "Incident" also refers to the event or events that gave rise to the disciplinary proceedings.

7. "Identify," when applied to persons, shall mean: (i) full name and current or last known address for service; and (ii)for Department or Facility employees, badge number or numbers, if any; (iii)for former or present inmates, any and all inmate identification numbers, including "book and case," "DN" and "NYSID" numbers.

8. "Identify," when used in connection with a civil or criminal proceeding shall mean: the case name, court, docket number and date of commencement.

## r•€STRUCTIONS

1. All defendants represented by the Office of the Corporation Counsel of the City of New York, the Office of the Attorney General or counsel for or appointed by the Department

responsible for the Facility, are instructed to produce documents (or copies thereof) and provide information in the defendants' custody, possession or confrol and documents and information in the custody, possession or control of the Department or Facility. If the Department or Facility is not a party, documents and information shall be produced as if a Rule 45 subpoena had been served on the Department or Facility. All responses are subject to the requirements of Fed. R. Civ. P. 26(e). Documents so produced shall be Bates-stamped or otherwise numbered sequentially.

2. Whenever defendants or the non-party Department or Facility withhold any document or portion thereof that is responsive to any of the document requests for reasons of privilege or institutional security, counsel for defendants shall (i) obtain a copy of the document (including audio tape, videotape, electronic recording or photograph) from the appropriate agency or defendant and retain such document in defense counsel's office until the conclusion of the litigation; (ii) serve and file a (privilege) log in conformity with Fed. R. Civ. P. 26(b)(5) or Local Civil Rule 26.2, setting forth the reason for withholding the document; and (iii) make the withheld document available upon request to the Court. If the document is withheld for reasons of institutional discipline or security, rather than privilege, the document

shall also be made available to pro bono counsel, or to an interested attorney considering the Court's request for pro bono counsel, who shall maintain it in strict confidence. If security interests can be addressed by redacting a portion of the document, the redacted document shall be produced to plaintiff. Counsel for defendants may also take appropriate measures to ensure that Department letterhead, forms and stationery are not misused by plaintiff.

3. If any document responsive to this request exists in the form of a tape recording, video recording or other electronic recording it shall be preserved until the conclusion of the litigation. If a tape recording has not been transcribed, a copy of such tape or electronic recording shall be produced, subject to any state law or regulation barring access on grounds of security. If the tape, video or electronic recording is not produced to plaintiff, defense counsel shall retain the tape and make it available upon request to the Court, pro bono counsel or any pro bono attorney considering acceptance of the case. Any transcript shall be treated as any other responsive document.

4. The documents responsive to requests 8 through 1 1 shall be provided for a period of ten years prior to the filing of the complaint, shall be provided by the Department or Facility to defense counsel within the 120-day responsive period and shall be maintained in defense counsel's office until the conclusion of the litigation. Such documents shall be produced to the Court upon request or to pro bono counsel as provided in Instruction 2. Ifthe case proceeds to trial and plaintiff is not represented, the Court shall address prior to trial the disclosure of such documents to plaintiff for use at trial. If the response to any of requests 8 through 11 is "None," that response shall be provided to plaintiff at the time these requests are responded to.

## INTERROGATORIES AND DOCUIVIENT REOUESTS

1. With respect to any disciplinary proceeding in which plaintiff alleges the denial of a constitutional right, produce all documents concerning the proceeding, including: reports of infraction; notices of infraction; misbehavior reports; any records reflecting informal interviews with the plaintiff or opportunities for the plaintiff to object to the discipline or housing status related to the discipline; disciplinary hearing records; hearing transcripts;[1] infraction and/or hearing disposition sheets; notices of administrative appeal and any accompanying documents; and any decisions on administrative appeal.

2. Identify all Department and Facility employees who were present at, witnessed or investigated the Incident or who at or about the time of the Incident were assigned to work in the area where the Incident occurred (if such area is identifiable and discrete).

3. Identify all persons (including prisoners) other than Department and Facility employees who were present at the Incident.

4. Produce any and all of the following documents in the custody, possession or control of the Department or Facility prepared by or at the direction of any employee of the City of New York, the State of New York or any other governmental entity in connection with the Incident: incident reports, intradepartmental memoranda (including memoranda sometimes referred to as "to/froms"), use of force reports, unusual incident reports, witness statements, injury to inmate reports, video or audio tapes, photographs, reports of infraction, notices of infraction, dispositions of any infraction, misbehavior reports including documents in the file of any inmate disciplined in connection with the incident.

5. Produce all files, including each closing memorandum and summary, made in the course of any completed investigation by the Department ofInvestigations, Inspector General or Internal Affairs Division (or similar groups) into the Incident. If the Incident or the conduct of defendants involved in the Incident is the subject of an ongoing investigation or a disciplinary proceeding, criminal investigation or outstanding indictment or information, discovery under this request shall be suspended until the termination thereof (whether by completion of the investigation without charges being brought or by disposition of such charges). A response shall be due thirty (30) days after such termination.

6. If Plaintiff alleges physical injury and has authorized release, produce records of all medical treatment provided to the plaintiff in connection with such injury or claim. If defendants seek to rely on plaintiff' s pre-existing medical condition as a complete or partial defense to any claim raised in the complaint, produce all records relating to such pre-existing medical condition generated during plaintiffs present and any prior term of incarceration. (If plaintiff fails to provide a release authorizing disclosure of medical records, defendants may move to compel such release or to dismiss some or all of plaintiffs claims). If production is made hereunder, identify all medical care providers assigned to work in the Facility clinic on the date of the Incident and identify the signature or initials

---

[1] An untranscribed tape shall be treated as provided for in Instruction 3.

of each individual who has made an entry on reports or other writings prepared by the medical care provider regarding the Incident or regarding plaintiffs treatment.

7. If any defendant claims to have been physically injured in the Incident and is relying on the injury as a defense to the action, produce all records and claims of injury and all records of medical treatment provided to that defendant in connection with such injury. If defendant refuses to give consent to the release of medical records, defendant shall state whether defendant was treated at a prison facility, a clinic or by a private doctor and the date and place of each such freatment. If production is made hereunder, identify the signature or initials of each individual who has made an entry on reports or other writings prepared by the medical care provider regarding the Incident or regarding defendant's treatment.

8. For any defendant, other than for the Commissioner, any Deputy Commissioner or Assistant Commissioner, Warden and ranks above (and any similar positions for other Departments and Facilities), identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in

which the defendant was formally counseled, disciplined, punished, or criminally prosecuted or otherwise made the subject of remedial action in connection with having failed to make a report or having made a false statement of any kind.

9. In a Use of Force Case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished, criminally prosecuted or otherwise made the subject of remedial action in connection with having used force on an inmate.

10. In an Inmate against Inmate Assault Case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished or criminally prosecuted or otherwise made the subject ofremedial action in connection with having failed to supervise inmates property or failed to fulfill any or his or her responsibilities involving inmate safety.

11. In a Disciplinary Due Process Case, identify and produce all documents concerning any employment-related pröceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished, prosecuted or otherwise made the subject of remedial action in connection with that defendant's participation in or conduct of a disciplinary proceeding where it was alleged that the defendant violated a Department regulation or a constitutional right of an inmate.

12. Produce from the plaintiffs inmate file for the period of incarceration during which the Incident arose (and any other Facility file for plaintiff if any defendant intends to rely on any of its contents) all documents concerning any occasion that plaintiff was subject to discipline. If

the disciplinary record is lengthy, the defendant may, in the first instance, produce a computer printout of plaintiffs inmate's disciplinary history.

CR-020258-23BX

CRIMINAL COURT OF THE CITY OF NEW YORK
BRONX COUNTY

CR-020258-23BX

THE PEOPLE OF THE STATE OF NEW YORK

v.

1. WINSTON HALL M/42
Arrest# B23639003

Defendant

STATE OF NEW YORK

COUNTY OF THE BRONX

PO ELIJAH RODRIGO of 43 PCT, Shield# 11451, states that on or about September 12, 2023 at approximately 1:15 PM at Northeast corner of Watson Avenue and Morrison Avenue, , County of the Bronx, State of New York,

THE DEFENDANT COMMITTED THE OFFENSES OF:

1 (F) P.L. 120.25 Reckless Endangerment 1^ DQO
2 (M) P.L. 270.25 UNLAWFUL FLEEING A POLICE OFFICER IN A MOTOR VEHICLE THIRD DEGREE DQO
3 (M) P.L. 120.20 Reckless Endangerment 2^ DQO
4 (M) V.T.L. 1212 Reckless Driving

IN THAT THE DEFENDANT DID: recklessly engage in conduct which created a [illegible] risk of death to another person, under circumstances evincing a depraved indifference to human life; knowing that he or she has been directed to [illegible] his or her motor vehicle by a uniformed police officer or a marked police vehicle by the activation of either the lights or the lights and siren [illegible] vehicle, he or she thereafter attempts to flee such officer or such vehicle [illegible] driving at speeds which equal or exceed twenty-five miles per hour above [illegible] speed limit or engaging in reckless driving as defined by section twelve hundred twelve of the vehicle and traffic law; recklessly engage in [illegible] which created substantial risk of serious physical injury to another [illegible] drive or use a vehicle propelled by a power other than muscular power [illegible] manner which unreasonably interfered with the free and proper use [illegible] highway, or unreasonably endangered users of the public highway.

THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

Deponent states that, at the above time and place, he observed [illegible] to be operating a silver 2018 Range Rover, (VIN #SALYM2Rx9JA7[illegible] was seated behind the steering wheel, keys in the ignition, engine [illegible] moving along a public roadway. Deponent further states that said [illegible] not registered to said Range Rover.

Deponent further states that when he activated the lights [illegible] his marked patrol vehicle, defendant pulled over. Deponent [illegible] upon deponent exiting his marked vehicle to approach defendant [illegible] after asking the defendant to exit said vehicle defendant [illegible] off on to a public roadway.


002840987

Deponent further states that, while operating his marked police vehicle ressed in his official New York City Police Department uniform, after g activated the lights and sirens of his marked patrol vehicle, directing dant to stop, defendant did not stop operating his motor vehicle and ad drove at a high rate of speed along public roads. Deponent further es that he observed defendant to be operating the aforementioned vehicle in s of fifty miles per hour in a twenty-five mile per hour zone.

Deponent further states that he observed defendant to drive through al red lights and to be swerving in and out of other vehicles on the ay, causing the other vehicles to either apply their brakes or swerve to colliding with defendant and several people jump out of the way to avoid hit by defendant's vehicle. Deponent further states that deponent ed defendant's vehicle collide with deponent's marked vehicle, in which ent was the driver of, striking it on the right bumper on the road, and the defendant continued to drive off, without stopping.

P8

Deponent further states that he observed the defendant's vehicle collide a school bus and said school bus was loaded with children.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45

9/13/23 11 59
DATE and TIME


SIGNATURE

002840987

CR- 020258-23BX

CRIMINAL COURT OF THE CITY OF NEW YORK
BRONX COUNTY

CR-020258-23BX

OF THE STATE OF NEW YORK

v.

HALL M/42
B23639003

Defendant

STATE OF NEW YORK

COUNTY OF THE BRONX

AH RODRIGO of 43 PCT, Shield# 11451, states that on or about , 2023 at approximately 1:15 PM at Northeast corner of Watson Morrison Avenue, , County of the Bronx, State of New York,

DANT COMMITTED THE OFFENSES OF:

| | |
|---|---|
| 120.25 | Reckless Endangerment 1^ DQO |
| 270.25 | UNLAWFUL FLEEING A POLICE OFFICER IN A MOTOR VEHICLE THIRD DEGREE DQO |
| 120.20 | Reckless Endangerment 2^ DQO |
| 1212 | Reckless Driving |

THE DEFENDANT DID: recklessly engage in conduct which created a grave death to another person, under circumstances evincing a depraved to human life; knowing that he or she has been directed to stop motor vehicle by a uniformed police officer or a marked police the activation of either the lights or the lights and siren of such he or she thereafter attempts to flee such officer or such vehicle by speeds which equal or exceed twenty-five miles per hour above the or engaging in reckless driving as defined by section twelve twelve of the vehicle and traffic law; recklessly engage in conduct created substantial risk of serious physical injury to another person and use a vehicle propelled by a power other than muscular power in a which unreasonably interfered with the free and proper use of the public or unreasonably endangered users of the public highway.

GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

Deponent states that, at the above time and place, he observed defendant operating a silver 2018 Range Rover, (VIN #SALYM2Rx9JA720467), in that he seated behind the steering wheel, keys in the ignition, engine running, and along a public roadway. Deponent further states that said VIN number is registered to said Range Rover.

Deponent further states that when he activated the lights and sirens on marked patrol vehicle, defendant pulled over. Deponent further states that, deponent exiting his marked vehicle to approach defendant's vehicle and asking the defendant to exit said vehicle defendant proceeded to drive a public roadway.



Deponent further states that, while operating his marked police vehicle dressed in his official New York City Police Department uniform, after ...g activated the lights and sirens of his marked patrol vehicle, directing ...dant to stop, defendant did not stop operating his motor vehicle and ...ad drove at a high rate of speed along public roads. Deponent further ...es that he observed defendant to be operating the aforementioned vehicle in ...ss of fifty miles per hour in a twenty-five mile per hour zone.

Deponent further states that he observed defendant to drive through ...al red lights and to be swerving in and out of other vehicles on the ...way, causing the other vehicles to either apply their brakes or swerve to ... colliding with defendant and several people jump out of the way to avoid ... hit by defendant's vehicle. Deponent further states that deponent ...ved defendant's vehicle collide with deponent's marked vehicle, in which ...ent was the driver of, striking it on the right bumper on the road, and the defendant continued to drive off, without stopping.

Deponent further states that he observed the defendant's vehicle collide ... a school bus and said school bus was loaded with children.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45

9/13/23 11:59
DATE and TIME

SIGNATURE



PRESS FIRMLY TO SEAL

PRESS FI

PME 1-Day
NEW YORK, NY 10025
NOV 20, 2023

10007

$28.75

RDC 07

R2305P150825-77

PRIORITY MAIL EXPRESS

FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

RECEIVED
NOV 22 2023
PRO SE OFFICE

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL EXPRESS®

USM
SDNY

CUSTOMER USE ONLY

FROM: (PLEASE PRINT) PHONE ( )

C/O Sage ELdba Hall Winston
c/o: 388 E 49 Street
Brooklyn, New York republic
[11203]

DELIVERY OPTIONS (Customer Use Only)

☐ SIGNATURE REQUIRED *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE ( )

ATTN: Southern District Court of New York
Clerk of Court.
500 Peal Street
New York, NY, 10007.

ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance Included.

PEEL FROM THIS CORNER

Pro K Bil

PAYMENT BY ACCOUNT (if applicable)

| USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No. |
|---|---|
| | |

ORIGIN (POSTAL SERVICE USE ONLY)

☑ 1-Day ☐ 2-Day ☐ Military ☐ DPO

| | | | |
|---|---|---|---|
| PO ZIP Code: 10025 | Scheduled Delivery Date (MM/DD/YY): 11-21-23 | Postage: $ 28.75 | |
| Date Accepted (MM/DD/YY): 11-20-23 | Scheduled Delivery Time: ☑ 6:00 PM | Insurance Fee: $ | COD Fee: $ |
| Time Accepted: 4:21 ☐ AM ☑ PM | | Return Receipt Fee: $ | Live Animal Transportation Fee: $ |
| Special Handling/Fragile: $ | Sunday/Holiday Premium Fee: $ | Total Postage & Fees: $ 28.75 | |
| Weight: 0 lbs. 5.20 ozs. ☐ Flat Rate | Acceptance Employee Initials: KA | | |

DELIVERY (POSTAL SERVICE USE ONLY)

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| | ☐ AM ☐ PM | |

LABEL 11-B, MAY 2021 PSN 7690-02-000-9996

CLERK'S OFFICE S.D.N.Y.
NOV 21 2023

schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS10001000006

EP13F May 2020
OD: 12 1/2 x 9 1/2

UNITED STATES POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; May 2020; All rights reserved.