```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
SAGE EL,                                                  :
                                                          :
                          Plaintiff,                      :      23-CV-10317 (JAV)
                                                          :
          -v-                                             :      MEMORANDUM OPINION
                                                          :          AND ORDER
CALVIN S. BLACK, in his personal and official             :
capacity, et al.,                                         :
                                                          :
                          Defendants.                     :
                                                          :
------------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

On November 22, 2023, Plaintiff Sage El commenced this civil rights action alleging that three named defendant NYPD officers, Defendants Calvin S. Black, Felix D. Jimenez, and Elijah P. Rodrigo, in addition to six John Doe officers, subjected him to excessive force and false arrest in September 2023. ECF No. 1. He named each officer as defendants in both their individual and official capacities. *Id.*

The Court granted Plaintiff leave to proceed *in forma pauperis*, and on December 19, 2023, issued an order requiring the U.S. Marshals Service to serve the named defendants, and a *Valentin* Order requiring the New York City Law Department to identify the six John Doe defendants. ECF No. 6. The City responded to the *Valentin* Order and identified two of the six John Doe defendants. ECF No. 11. The Court issued an Order requiring those two additional individuals to be served by the U.S. Marshals. ECF No. 13.

Service was accomplished by the U.S. Marshals Service on Defendants Calvin S. Black, Felix D. Jimenez, and Elijah P. Rodrigo, on February 23, 2024, and on the remaining two individual defendants on May 17, 2024. ECF Nos. 15-17, 24-25.

On February 20, 2024, however, the Court stayed this action pending the conclusion of the Civilian Complaint Review Board ("CCRB") investigation concerning the events giving rise to this action. ECF No. 12. Accordingly, the time for Defendants to respond to the Complaint has not yet run, and none of the Defendants have yet to appear in this action.

On February 19, 2025, the Office of the Corporation Counsel of the City of New York ("Corporation Counsel"), appearing as an "interested party," reported that the CCRB investigation had concluded on February 7, 2025. ECF No. 44. Corporation Counsel indicated that the CCRB had forwarded charges against one of the defendant officers to the Administrative Prosecution Unit. *Id.* Corporation Counsel requests an additional stay of this matter pending the conclusion of that disciplinary proceeding, as "determinations regarding representation cannot be made for the defendant officer subject to charges until a final disposition is reached." *Id.* Corporation Counsel also avers that the pending disciplinary proceeding may hamper their ability to interview the defendant officer, or confer with other named defendants, who may be witnesses in the pending proceedings. *Id.* Plaintiff objects to the stay on the grounds that the "default judgment is passed" and because Corporation Counsel is not a party to this civil case. *Id.*

Courts have the inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). But a stay of proceedings is considered an "extraordinary remedy," for which a movant bears the burden of "showing [] undue prejudice . . . or interference with his constitutional rights." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97, 98 (2d Cir. 2012). Here, there is only a pending disciplinary proceeding, without any of the Fifth Amendment concerns that would be presented if there was a pending criminal

indictment.  *Id.* at 98-99.  Nor has the defendant subject to the disciplinary proceeding himself requested a stay.  Rather, Corporation Counsel has done so, out of a concern regarding its ability to make representation decisions and interview the defendant officer.

The fact that Corporation Counsel is not yet able to make a representation decision with respect to one of the defendant officers is not sufficient grounds for the grant of an indefinite stay of proceedings.  *See, e.g.*, *Rodriguez v. City of New York*, No. 24-CV-06289 (NCM) (TAM), 2025 WL 458243, at *3 (E.D.N.Y. Feb. 11, 2025) ("[A] stay of the proceedings is not a remedy commensurate with the City's need to make [a representation] determination."); *Saint-Fort v. City of New York*, No. 22-CV-6879 (NRM) (MMH), 2023 WL 2771606, at *2 (E.D.N.Y. Apr. 4, 2023) ("[T]he City cites no cases—and the Court has found none—in which a court has indefinitely stayed a civil action because one of the parties had not yet acquired representation.").  The need to obtain representation is common to many civil litigants.  Here, the defendant officer can represent himself or seek private counsel should Corporation Counsel elect not to represent him.

Additionally, Plaintiff, who objects to the continuation of the stay, has a legitimate interest in the expeditious resolution of this matter.  This is particularly true here, as this case has already been stayed for over a year.  *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 68 (S.D.N.Y. 2023) (in determining whether to stay litigation, courts consider "the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed").  "Discovery during the early stages of litigation is material to any resolution of this case, in part to safeguard the memories of witnesses and the preservation of documents." *Rodriguez*, 2025 WL 458243, at *3 (cleaned up).

The Court also finds that the public interest weighs against a stay.  "Adjudicating the

3

merits of a case regarding allegations of police misconduct is deeply intertwined with the public's interest and trust in its law enforcement." *Id.*

The Court notes that the *pro se* Plaintiff has attempted to obtain certificates of default from the Clerk's office and has objected to a stay of this matter because the deadline for "default judgment is passed." ECF No. 44. To be clear, because this matter was previously stayed by Court Order, no Defendant is currently in default. No certificate of default will issue from the Clerk of Court at this time.

## CONCLUSION

Accordingly, the Court ORDERS that the stay in this matter be lifted. Defendants' responses to the Complaint shall be due **June 23, 2025**. Corporation Counsel is directed to provide a copy of this Order to each of the named Defendants by May 9, 2025.

The Clerk of Court is directed to terminate ECF No. 45 and to lift the stay in this action.

SO ORDERED.

Dated: May 6, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge