UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAGE EL,

                Plaintiff,

        -v-

CALVIN S. BLACK, *in his personal and official capacity*, et al.,

                Defendants.
------------------------------------------------------------------X

23-CV-10317 (JAV)

MEMORANDUM OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

Currently pending before the Court is Corporation Counsel's motion to stay this litigation pending the resolution of the criminal charges that have been brought against Plaintiff. For the reasons stated herein, the motion is GRANTED.

**PROCEDURAL HISTORY**

On September 12, 2023, Plaintiff Sage El was arrested by officers with the New York Police Department ("NYPD") and charged with Reckless Endangerment in the Second Degree, Fleeing an Officer in a Motor Vehicle in the Third Degree, and Reckless Driving. ECF Nos. 1, 52. Plaintiff was arraigned in Bronx Criminal Court and plead not guilty on September 16, 2023. ECF No. 52, Ex. A. That criminal proceeding remains pending. *Id.*

On November 22, 2023, Plaintiff commenced this civil rights action arising from his arrest. Plaintiff alleged that NYPD Officers Calvin S. Black, Felix D. Jimenez, and Elijah P. Rodrigo, in addition to six John Doe officers, subjected him to excessive force when the officers, *inter alia*, rammed into his car, beat him and dragged him across the ground, and subjected him to tightened handcuffs and shackles that cut off circulation to his hands and feet. ECF No. 1. He

further alleged that the officers made false sworn statements to justify his arrest and to obtain a warrant. *Id.*

On February 20, 2024, the Court stayed this action pending the conclusion of the Civilian Complaint Review Board ("CCRB") investigation concerning the events giving rise to this action. ECF No. 12. On February 19, 2025, the Office of the Corporation Counsel of the City of New York ("Corporation Counsel"), appearing as an "interested party," reported that the CCRB investigation had concluded on February 7, 2025. ECF No. 44.

Corporation Counsel applied for a continuing stay of proceedings based on disciplinary charges that had been brought as a result of the CCRB investigation against one of the Defendant officers. *Id.* Plaintiff opposed the motion for a stay. ECF No. 45. The Court denied Corporation Counsel's request and ordered that the stay of this case be lifted on May 6, 2025. ECF No. 51. Two weeks later, Corporation Counsel again applied for a stay of this litigation. ECF No. 52. This time, Corporation Counsel based its stay motion on the pendency of the underlying criminal charges brought against Plaintiff. *Id.* Plaintiff did not submit a response to the current motion.

## DISCUSSION

Courts have the inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). But a stay of proceedings is considered an "extraordinary remedy," for which a movant bears the burden of "showing [] undue prejudice . . . or interference with his constitutional rights." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97, 98 (2d Cir. 2012) (quotations and citations omitted).

In considering whether to stay a civil case during the pendency of a parallel criminal

investigation, courts typically weigh six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton*, 676 F.3d at 99 (citation omitted). These factors are not definitive, however, because "[t]he district court's decision ultimately requires and must rely upon 'a particularized inquiry into the circumstances of, and the competing interests in, the case.'" *Id.* at 99-100 (quoting *Banks v. Yokemick*, 144 F. Supp. 2d 272, 275 (S.D.N.Y. 2001)). Moreover, the applicability of these factors to the instant case is unclear. "[T]he primary concern in such an evaluation [is the] potential prejudice to a civil *defendant* who is also the subject of a criminal prosecution, and who may 'fac[e] the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation.'" *Corley v. Vance*, No. 15 Civ. 1800 (KPF), 2016 WL 11717323, at *2 (S.D.N.Y. Sept. 16, 2016) (quoting *Louis Vuitton*, 676 F.3d at 97). Such concerns are "less relevant" when the subject of the criminal prosecution is the civil plaintiff. *Id.*

The Court nonetheless takes the *Louis Vuitton* factors as its starting point. With respect to overlap between the civil and criminal cases, while the false arrest claims presented in the complaint are substantially similar to the issues that will be adjudicated in the criminal prosecution, the excessive force allegations appear to be more tangential. *Jackson v. Suffolk Cnty. Homicide Bureau*, 135 F.3d 254, 257 (2d Cir. 1998) (holding that excessive force claim under section 1983 could proceed where prevailing on such a claim would not call into question

3

validity of underlying state criminal conviction); *see also Banyan v. Sikorski*, No. 17-CV-4942 (LJL), 2021 WL 3271735, at *5 (S.D.N.Y. July 30, 2021) ("[P]laintiff's excessive force claim has no bearing or impact on his underlying conviction or on the state court criminal proceedings." (cleaned up)).  Defendants have not argued, for example, that any claim of excessive force has been presented as the basis to suppress evidence in the underlying criminal prosecution.  Accordingly, this factor weighs, at most, slightly towards the granting of a stay.

With respect to the second factor, while the criminal case is pending, it is Plaintiff who has been indicted, and not any of the defendants.  In advocating for a stay of proceedings, Corporation Counsel largely rely upon the potential prejudice to Plaintiff's Fifth Amendment rights.  ECF No. 52.  But that is not Defendants' or Corporation Counsel's interest to advance.  Plaintiff has elected to proceed with this action notwithstanding the pending criminal charges.  Accordingly, this factor is neutral.

Plaintiff has a legitimate interest in the expeditious resolution of this matter.  This is particularly true here, as this case has already been stayed for over a year.  *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 68 (S.D.N.Y. 2023) (in determining whether to stay litigation, courts consider "the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed" (quoting *Kappel v. Comfort,* 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996))).  "Discovery during the early stages of litigation is material to any resolution of this case, in part to safeguard the memories of witnesses and the preservation of documents."  *Rodriguez v. City of New York*, No. 24-cv-06289 (NCM) (TAM), 2025 WL 458243, at *3 (E.D.N.Y. Feb. 11, 2025) (cleaned up).

With respect to the burden on Defendants, Corporation Counsel first argues that while the criminal prosecution is pending, they will not have access to any records pertaining to Plaintiff's

4

arrest. ECF No. 52. Corporation Counsel offer no explanation as to why those records would be unavailable to Defendants simply because of the existence of a pending criminal prosecution. More persuasive, however, is Corporation Counsel's concern that Plaintiff will obtain access to discovery in this civil case beyond what he would be entitled to in criminal discovery. *See, e.g.*, *SEC v. Abraaj Inv. Mgmt. Ltd.*, No. 19-CV-3244 (AJN), 2019 WL 6498282, at *3 (S.D.N.Y. Dec. 3, 2019) ("A stay is therefore 'often necessary where liberal discovery rules will allow a litigant to undermine, or gain an unfair advantage in, a potential criminal prosecution which parallels the subject matter of the civil action.'" (citation omitted)). This factor weighs in favor of a stay.

The Court also finds that the public interest is neutral. On the one hand, "[a]djudicating the merits of a case regarding allegations of police misconduct is deeply intertwined with the public's interest and trust in its law enforcement." *Rodriguez*, 2025 WL 458243, at *3. On the other, as noted above, subverting restrictions on criminal discovery rules could impede the underlying criminal prosecution.

The interest of the courts "lies in controlling its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quotation and citation omitted). The Court considers that it would be inefficient to proceed on Plaintiff's false arrest claim so long as the underlying criminal prosecution remains pending. "[T]he common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested." *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986); *see also O'Donnell v. Card*, No. 11 Civ. 3297 ER, 2013 WL 3929632, at *4 (S.D.N.Y. July 30, 2013) ("The existence of probable cause is an absolute defense to a false arrest claim, and a valid conviction is conclusive evidence of

5

probable cause for the arrest." (cleaned up)). *Cf. Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If a false arrest claim cannot stand in the face of a state criminal conviction, then a "false arrest claim should not proceed ahead of [Plaintiff's] criminal trial." *Banyan*, 2021 WL 3271735, at *4. The Supreme Court has therefore suggested that, where a false arrest claim is brought before the underlying criminal proceeding reaches a resolution, the better course is to stay the civil proceedings. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

After balancing the above factors, the Court determines that a stay of this matter pending the final resolution of the pending criminal charges against Plaintiff is appropriate.

## CONCLUSION

The Court GRANTS the request for a stay. Corporation Counsel is directed to provide the Court with a status report regarding Plaintiff's criminal proceedings by August 18, 2025, and every 60 days thereafter. Corporation Counsel is directed to provide a copy of this Order to each of the named Defendants by June 20, 2025.

The Clerk of Court is directed to terminate ECF No. 52.

SO ORDERED.

Dated: June 18, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge