UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
        :
SAGE EL,        :
        :
        Plaintiff,        :        23-CV-10317 (JAV)
        :
        -v-        :        <u>ORDER</u>
        :
CALVIN BLACK, et al.,        :
        :
        Defendants.        :
        :
------------------------------------------------------------------- X

JEANNETTE A. VARGAS, United States District Judge:

On June 18, 2025, the Court stayed this matter pending the completion of Plaintiff's criminal prosecution. ECF No. 56 (the "June 18 Stay"). Plaintiff submitted a letter motion which the Court construes as a request for the reconsideration of the June 18 Stay, citing due process violations. ECF No. 62 ("Pl.'s Aug. 29 Ltr. Mot."). As Plaintiff presents no valid grounds for reconsideration, the motion is DENIED.

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Arnold v. Geary*, 981 F. Supp. 2d 266, 269 (S.D.N.Y. 2013), *aff'd*, 582 F. App'x 42 (2d Cir. 2014) (cleaned up). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (cleaned up). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*,

684 F.3d 36, 52 (2d Cir. 2012) (citations and quotation marks omitted).  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (quotation marks omitted).

The Court has liberally interpreted Plaintiff's letter motion pursuant to Second Circuit precedent Plaintiff has cited.  *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006).  Even under these less stringent standards, Plaintiff does not state sufficient grounds for reconsideration of the June 18 Stay in his letter motion.  Plaintiff does not identify any change of controlling law, any new evidence, the need to correct a clear error, or prevent injustice.  Plaintiff instead claims that the stay violates his rights to due process under the New York State Constitution and the federal Constitution.  Pl.'s Aug 29 Ltr. Mot. at 1.  This argument has no merit.  The Court has the inherent authority to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), and courts routinely stay civil cases during the pendency of related criminal prosecutions. Plaintiff has not shown how granting of the stay in this civil case amounts to a violation of his due process rights.  To the contrary, the June 18 Stay was granted in part because discovery in this civil claim could adversely affect his criminal prosecution.  The stay will thus ensure all matters involving Plaintiff are fully and fairly litigated.  Further, the resolution of Plaintiff's criminal case could foreclose aspects of this litigation, and in the interest of efficiency the criminal litigation should move forward first.  *Id.*

Plaintiff is also under the mistaken belief that the Court entered an order on July 11, 2025, granting Plaintiff an emergency injunction.  Pl.'s Aug 29 Ltr. Mot. at 1.  The Court has

2

never entered such an order. Plaintiff misreads the docket. The docket entry to which Plaintiff refers indicates that his proposed order was approved by the Clerk's office as to form, which permitted it to be filed on the docket for the Court's consideration. But unless a judge signs a proposed order, it has no effect. Here, the Court did not sign or enter the proposed order, and the Court hereby affirms that it denies Plaintiff's request for the Court to enter the proposed order docketed at ECF No. 59.

    Accordingly, Defendant's motion for reconsideration is DENIED.

SO ORDERED.

Dated: October 10, 2025
       New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge